UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                No. 05-CR-80970

vs.                                                         Hon. Gerald E. Rosen

RANDY LEE TYRA,

                Defendant.
_____/

MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR A COMPASSIONATE RELEASE

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on         July 1, 2009

                PRESENT:  Honorable Gerald E. Rosen
                                  Chief Judge, United States District Court

      This matter is presently before the Court on Defendant Randy Lee Tyra's June 16, 2009 Motion for a Compassionate Release. Defendant Tyra pled guilty and was subsequently sentenced by this Court on October 10, 2007 to 92 months imprisonment on charges of possession of stolen firearms. Aware of Defendant's serious medical condition (multiple myeloma), when sentencing Mr. Tyra, the Court recommended that he be designated to a Federal Medical Facility. Pursuant to that recommendation, Defendant was so designated and is currently confined at FMC Lexington.

      Defendant Tyra now has moved for a "compassionate release." He states in his

Motion that he is currently awaiting a bone marrow, stem cell transplant, and that he has been told by his doctors that is prognosis is not good and that he will probably die from his cancer. Relying on the Court's statement at his sentencing hearing that if Defendant's medical condition regressed and if the Bureau of Prisons were to recommend a Compassionate Release, the Court would consider such a recommendation, Defendant, acting *pro se*, filed this Motion.

The Court, however, lacks a statutory basis to grant the relief requested by Mr. Tyra. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.")

The only way a prisoner may obtain release from incarceration prior to the end of a validly-imposed sentence on compassionate grounds is set forth in 18 U.S.C. § 3582. That statute provides, in pertinent part, that:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> (1) in any case-
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A).

Although the exception set forth in 18 U.S.C. § 3582(c)(1)(A) does not actually contain the phrase "compassionate release," it is sometimes referred to as "the 'compassionate release' provision." *Morales v. United States*, 353 F. Supp. 2d 204, 205 (D. Mass.2005). *See also United States v. Maldonado*, 138 F. Supp. 2d 328, 333 (E.D.N.Y.2001) (the Bureau of Prisons generally interprets the phrase "extraordinary and compelling" to apply only to inmates who have been diagnosed with a serious and terminal medical condition).

However, "a district court may not modify a defendant's federal sentence based on defendant's ill health, except upon a motion from the Director of the Bureau of Prisons. See 18 U.S.C. § 3582." *Engle v. United States*, 26 Fed. Appx. 294, 2001 WL 1356205 (6th Cir. 2001). *See also United States v. Tyler*, 417 F. Supp. 2d 80, 84 (D. Me. 2006) ("Section 3582(c) requires that the motion for sentence reduction be filed by the Director of the BOP. Defendant, therefore, lacks standing to request the sentence reduction he seeks on his own behalf." *Id.*); *United States v. Myers*, 375 F. Supp. 2d 1293, 1298 (D.N.M.2005).

Since the BOP has not made such a motion for Defendant Tyra, this Court has no statutory authority to reduce his sentence. *Morales*, 353 F. Supp. 2d at 205. If, however, the Bureau of Prisons were to file such a motion recommending a compassionate release for Mr. Tyra, the Court would consider it. Until such a motion is made, however, the Court cannot grant the relief requested by Defendant

For these reasons,

3

IT IS HEREBY ORDERED that Defendant's Motion for a Compassionate Release is DENIED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: July 1, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on        July 1, 2009       , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:            Pamela J. Thompson
      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
       Randy Lee Tyra, #40405-039, Federal Medical Center, P.O. Box 14500, Lexington, KY 40512-4501                                                                       .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (313) 234-5137